## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION
### CASE NO:

VERNON FRANKLIN,

     Plaintiff,

     v.

DEALER GENERAL SUPPLY COMPANY, LLC,
INTEGRO PROFESSIONAL SERVICES, LLC,

     Defendants.

_____/

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, VERNON FRANKLIN ("Plaintiff") pursuant to 29 U.S.C. § 216(b) hereby files his Complaint for Damages and Demand for Jury Trial against Defendants, DEALER GENERAL SUPPLY COMPANY, LLC ("DEALER") and INTEGRO PROFESSIONAL SERVICES, LLC ("INTEGRO") (DEALER and INTEGRO collectively referred to hereafter as "Defendants") and alleges the following:

### INTRODUCTION

1.    Defendants have unlawfully deprived Plaintiff of overtime compensation during the course of his employment.  This action arises under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201–216, to recover all overtime wages that Defendants refused to pay Plaintiff during the past three (3) years.

### PARTIES

2.    During all times material hereto, Plaintiff was a resident of Alachua County, Florida, over the age of 18 years, and otherwise *sui juris.*

3.     During all times material hereto, Defendant, DEALER, is and was a Florida limited liability company operating and located in Columbia County, Florida, within the jurisdiction of this Honorable Court.

4.     Defendant, DEALER, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

5.     During all times material hereto, Defendant, DEALER, supervised Plaintiff's work on a daily basis, set Plaintiff's schedule, and had the authority to hire and fire employees, including Plaintiff.

6.     During all times material hereto, Defendant, DEALER, was vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it pertained to Plaintiff.

7.     During all times material hereto, Defendant, INTEGRO, is and was a Florida limited liability company operating and located in Columbia County, Florida, within the jurisdiction of this Honorable Court.

8.     Defendant, INTEGRO, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

9.     During all times material hereto, Defendant, INTEGRO, supervised Plaintiff's work on a daily basis, set Plaintiff's schedule, and had the authority to hire and fire employees, including Plaintiff.

10.     During all times material hereto, Defendant, INTEGRO, was vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it pertained to Plaintiff.

2

11.     Defendants, DEALER and INTEGRO were Plaintiff's joint employers during all times material hereto.

## JURISDICTION AND VENUE

12.     All acts and/or omissions giving rise to this dispute took place within Columbia County, Florida, which falls within the jurisdiction of this Honorable Court.

13.     Defendants operate in Lake City, Florida, within Columbia County. Therefore, jurisdiction is proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

14.     Venue is also proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

15.     Defendant, DEALER, hired Plaintiff as a non-exempt car detailer in around late December 2020.

16.     However, in or around September 2021, Defendant, INTEGRO, began to pay Plaintiff for the work he performed on behalf of both DEALER and INTEGRO.

17.     Although Defendant, INTEGRO, began to pay Plaintiff in or around September 2021, Plaintiff's duties did not change and he continued working as a non-exempt car detailer for both Defendants.

18.     Plaintiff's job duties as a car detailer included, but were not limited to: washing, buffing, waxing, vacuuming, deodorizing and detailing cars for Defendants' customers.

19.     Plaintiff's job schedule was typically 8am to 7pm on Monday, Wednesday, Thursday, Saturday and Sunday.

20.     During all times material hereto, Defendants were aware or constructively aware of all work performed by Plaintiff.

21.     During one or more workweeks, Defendant, INTEGRO, paid Plaintiff a flat salary of $650.00 per week, regardless of the number of hours Plaintiff work.

22.     However, during other weeks within the relevant time period, Defendant, DEALER, paid Plaintiff on an hourly basis.

23.     Defendants also automatically deducted one (1) hour from Plaintiff for a meal period which he was not permitted to take during one (1) or more workweeks of his employment which resulted in overtime violations in weeks in which he worked in excess of forty (40) hours.

24.     In one or more workweeks during Plaintiff's employment, Defendants failed to pay Plaintiff overtime wages at time-and-one-half his regular hourly rate for his work performed in excess of forty (40) hours.

**FLSA COVERAGE**

25.     Defendant, DEALER, is covered under the FLSA through enterprise coverage, as was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically DEALER engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. DEALER's business and Plaintiff's work for DEALER affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or

4

continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

26.     During his employment with Defendant, DEALER, Plaintiff, and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: chemicals, cars, car wash soaps, waterless car wash, paint cleaners, degreasers, polish, compounds, waxes and sealants, glass cleaner, tire and wheel cleaners, tire dressings, metal polishes, carpet and upholstery cleaners, leather cleaners, odor eliminators, towels, polishers, buffers, sanders, pressure washers, steamers, air blowers, hoses, buckets, pad cleaners, cell phones, extension cords, pencils, pens, paper, tape, keyboards, computers, invoices, cash, checks, masks, hand sanitizer, etc.

27.     DEALER also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, thus making DEALER's business an enterprise covered by the FLSA.

28.     DEALER grossed or did business in excess of $500,000.00 in the years 2019, 2020, 2021 and 2022.

29.     Defendant, INTEGRO, is also covered under the FLSA through enterprise coverage, as was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically INTEGRO engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant, INTEGRO's business and Plaintiff's work for Defendant,

INTEGRO, affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

30.     During his employment with INTEGRO, Plaintiff, and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: chemicals, cars, car wash soaps, waterless car wash, paint cleaners, degreasers, polish, compounds, waxes and sealants, glass cleaner, tire and wheel cleaners, tire dressings, metal polishes, carpet and upholstery cleaners, leather cleaners, odor eliminators, towels, polishers, buffers, sanders, pressure washers, steamers, air blowers, hoses, buckets, pad cleaners, cell phones, extension cords, pencils, pens, paper, tape, keyboards, computers, invoices, cash, checks, masks, hand sanitizer, etc.

31.     Defendant, INTEGRO also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, thus making INTEGRO's business an enterprise covered by the FLSA.

32.     INTEGRO grossed or did business in excess of $500,000.00 in the years 2019, 2020, 2021 and 2022.

33.     During his employment with Defendants, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of Defendants, and (iv) was not required

to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

34.    During all material times hereto, Plaintiff was a non-exempt employee of both Defendants, within the meaning of the FLSA.

## JOINT ENTERPRISE COVERAGE ALLEGATIONS

35.    Non-party CV Family Corporation is the managing member of Defendant, INTEGRO.

36.    Non-party CV Family Corporation is also managing member of non-party Find a Way Capital, LLC.

37.    Non-party Find a Way Capital, LLC is the managing member of Defendant, DEALER.

38.    Accordingly, both Defendants in this lawsuit are owned, controlled, and operated by non-party CV Family Corporation.

39.    During certain times material hereto, Defendants performed substantially related business activities, as these corporate entities focused their operations on providing car detailing services to Lake City, Florida, and the surrounding area.

40.    During certain times material hereto, Defendants used central management and/or common control, through non-party CV Family Corporation and shared employees, to effectuate their common business needs.

41.     Moreover, during all times material hereto, Defendants were engaged in offering substantially the same or similar services and goods to their customers and employees.

42.     Defendants also shared a common business purpose during all times material hereto.

43.     During times material hereto, Defendants shared employees (including Plaintiff) and other resources to effectuate their common business needs.

44.     In or around September 2021, Defendant, INTEGRO, began paying employees of Defendant, DEALER, including Plaintiff.

45.     This arrangement was authorized, controlled, operated, and overseen by both Defendants.

46.     The gross revenue of Defendants was collectively in excess of $500,000.00 in, 2019, 2020, 2021 and is expected to collectively gross in excess of $500,000.00 in 2022.

47.     Defendants intermingle resources, finances, employees and supplies to provide services, goods and materials to their customers and employees.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207

48.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 47 as though set forth fully herein.

49.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

50.     During one or more workweeks within the relevant time period, Plaintiff worked in excess of forty (40) hours without being compensated appropriate overtime wages for some hours worked over forty (40).

51.     This resulted in a series of federal overtime wage violations.

52.     For example, during the workweek of May 10, 2021, through May 16, 2021, Plaintiff worked approximately 46 hours but was only compensated for 40 hours of work at the rate of $12.00 per hour and 1 hour at the rate of $18.00 per hour.

53.     During the workweek of May 24, 2021, through May 30, 2021, Plaintiff worked approximately 53 hours and 30 minutes but was only compensated for 29.97 hours of work at the rate of $12.00 per hour.

54.     Furthermore, during the workweek of January 2, 2022, through January 8, 2022, Plaintiff worked approximately 42 hours and 47 minutes but was only compensated for 40 hours of work at the rate of $12.00 per hour.

55.     During the workweek of January 9, 2022, through January 15, 2022, Plaintiff worked approximately 64 hours and 25 minutes but was only compensated a flat salary of $650.00 that week.

56.     Another example of violations occurred during the workweek of February 20, 2022, through February 26, 2022, wherein Plaintiff worked approximately 46 hours and 58 minutes but was only compensated a flat $650.00 that week.

57.     These federal overtime violations routinely occurred during Plaintiff's employment in the weeks mentioned above, and in other workweeks as will be shown

throughout the course of discovery, and will continue to occur unless Defendants are required to comply with federal law.

58.     In one or more workweeks of Plaintiff's employment, Defendants also automatically deducted 1-hour from Plaintiff each workday for a meal period even though Plaintiff was not completely relieved of his duties during this period.

59.     Defendants knew or should have known that Plaintiff worked more than forty (40) hours in one or more workweeks.

60.     Defendants refused to pay Plaintiff one-and-one-half times his regular hourly rate for some hours of work over forty (40) in one or more weeks of his employment.

61.     Plaintiff therefore claims the applicable federal overtime wage rate for all weekly hours worked over forty (40) during his employment period.

62.     Defendants willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendants knew or should have known of the FLSA's overtime wage requirements.

63.     Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, VERNON FRANKLIN, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, DEALER GENERAL SUPPLY COMPANY, LLC and INTEGRO PROFESSIONAL SERVICES, LLC, and award Plaintiff: (a) unliquidated damages to be paid by Defendants, jointly and severally; (b) liquidated damages to be paid by Defendants,

jointly and severally; (c) reasonable attorney's fees and costs to be paid by Defendants, jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, VERNON FRANKLIN, demands a trial by jury on all appropriate claims.

**Dated: July 18, 2022**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*
*catherine@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on July 18, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

11